# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| NAKIA BOHANON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01161-SHM-tmp |
| | ) | |
| VINCE VANTELL and | ) | |
| CHIEF F/N/U HUGGINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## ORDER MODIFYING THE DOCKET;
## DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; AND
## GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE

---

On July 29, 2022, Plaintiff Nakia Bohanon filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Bohanon filed the complaint, he was incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee. (ECF No. 1 at PageID 3.) On July 29, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 5.)

In the complaint, Bohanon alleges claims of: (1) failure to protect (ECF No. 1 at PageID 4-5); (2) failure to train and supervise (*id*. at PageID 5); and (3) negligence (*id*.).

Bohanon sues: (1) HCCF Warden Vince Vantell; and (2) HCCF Chief F/N/U Huggins. (*Id*. at PageID 1, 3 (collectively, the "Individual Defendants").)

Bohanon seeks (1) one hundred and fifty thousand dollars ($150,000.00) in "compensatory damages" from each Defendant; (2) two hundred thousand dollars ($200,000.00) in "general damages" from each Defendant; and (3) one hundred thousand dollars ($100,000.00) in "actual damages" from each Defendant. (*Id*. at PageID 5-6.)

The Clerk is DIRECTED to modify the docket to: (1) add Defendants (a) the Hardeman County Correctional Facility and (b) CoreCivic; and (2) change Defendant Vince Vantrell's surname to "Vantell." (*See* https://www.corecivic.com/facilities/trousdale-turner-correctional-center (CoreCivic website, showing that "Vince Vantell […] served as warden at Hardeman County Correctional Facility") (last accessed Apr. 21, 2025).)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed with prejudice is GRANTED.

## I.    **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Bohanon sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.    FACTUAL BACKGROUND

In the complaint, Bohanon alleges that, "[o]n June 2 or 3," he asked inmates in cells near Bohanon's unit at the HCCF (the "Other Inmates") to "hold down the noise [because] I'm trying to sleep." (ECF No. 1 at PageID 4.) The Other Inmates "started to argue" with Bohanon. (*Id.*) Bohanon alleges that, when "no officer was present anywhere," "the guy that lived in 207 went back inside his cell and got a knife and stabbed me under my left eye," causing Bohanon to "bleed[] bad[ly]." (*Id.* (the "Incident").) Bohanon alleges that some inmates "finally got hold of an officer," who "called a code." (*Id.*) Bohanon was taken to the HCCF's medical unit, where a nurse stopped

Bohanon's bleeding, dressed his wound, and gave him Tylenol. (*Id*.) Staff members on the next shift in HCCF's medical unit re-called Bohanon to the medical office and transported him to an outside hospital, where doctors told Bohanon that his "nose was broken in two places and [his] face bone was broken to[o] bad[ly] for them to handle, so they sent [Bohanon] to the Med [in] Memphis" for "stitches on the side of my nose." (*Id*. at PageID 4-5.) Bohanon alleges that the injuries from the Incident persist: (1) "some bones loose in my face"; and (2) blurry vision in his left eye. (*Id*. at PageID 5.)

Bohanon alleges that "[t]here are no officer's [sic] in the pod control booths for hours at a time, which causes a danger to inmates [and] staff at [the HCCF]." (*Id*.) Bohanon's allegations are construed as claims of failure to protect, failure to train and supervise, and negligence.

## IV.   ANALYSIS

### A.   Claim Of Failure To Protect Against: (1) The Individual Defendants In Their Official Capacities; (2) The HCCF; And (3) CoreCivic

Bohanon does not allege whether he sues the Individual Defendants in their official or individual capacities. (*See* ECF No. 1.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Bohanon's claims against the Individual Defendants as official capacity claims.

Bohanon's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' alleged employer — the HCCF, which houses inmates in the custody of the Tennessee Department of Correction. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). (*See also* ECF No. 1 at PageID 3 (alleging that the Individual Defendants are employed by the HCCF);

https://www.tn.gov/correction/state-prisons/state-prison-list/hardeman-county-correctional-facility.html (Tennessee Department of Correction website, stating that the HCCF "contracts with CoreCivic for management of the [HCCF]") (last accessed Apr. 21, 2025).)  Bohanon's claim of failure to protect against the HCCF is construed as a claim against CoreCivic, the private company that manages the HCCF.[1]  *See, e.g., Glenn v. Walker*, No. 21-1013, 2021 WL 4269474, at *2 (W.D. Tenn. Sept. 20, 2021); *Talley v. McKinney*, No. 20-1118, 2021 WL 1254681, at *3 n.2 (W.D. Tenn. Apr. 5, 2021).  (*See also* https://www.corecivic.com/about (CoreCivic website's "About Us" page) (last accessed Apr. 21, 2025).)

Bohanon does not state a claim to relief for failure to protect against the HCCF or CoreCivic.

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit applies the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18.  CoreCivic "cannot be held liable under a theory of *respondeat superior*." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  To prevail on a § 1983 claim against CoreCivic, Bohanon "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of Bohanon's rights. *See id.*  Bohanon does not identify or describe any policy or custom of CoreCivic, much less an unconstitutional policy or custom of CoreCivic pursuant to which the Individual Defendants acted to deprive Bohanon of a constitutional right.  (*See* ECF No. 1 at PageID 4-5.) Bohanon alleges instead personal misconduct

---

[1]     *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison") (last accessed Apr. 21, 2025).

by the Individual Defendants for "failure to train" HCCF staff about inmate safety. (*See, e.g.*, ECF No. 1 at PageID 5.) Bohanon fails to state a claim under § 1983 against CoreCivic. For these reasons, Bohanon's claim of failure to protect against (1) the Individual Defendants in their official capacities and (2) CoreCivic is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

To the extent Bohanon alleges a claim under § 1983 against the HCCF, the complaint fails to state a claim to relief as a matter of law. Under § 1983, a jail is not a "person" subject to suit. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Bohanon's claim against HCCF is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### B. Claim Against The Individual Defendants And CoreCivic For Failure To Train And Supervise; And Claim Against All Defendants For Negligence

In addition to the defects in Bohanon's claim of failure to protect against the Individual Defendants in their official capacities, CoreCivic, and the HCCF described *supra*, Bohanon's claims of (1) failure to train and supervise and (2) negligence also fail to state claims to relief.

### (1) The Individual Defendants' Failure To Train And Supervise HCCF Staff

Bohanon makes the conclusory allegation that Vantell and Huggins "fail to properly train officer's [sic] regarding the safety of inmates and staff." (ECF No. 1 at PageID 5.) Bohanon's allegation does not demonstrate that Vantell and Huggins directly participated or implicitly authorized, approved, or acquiesced in the conduct or events related to the Incident. (*Id.*) At a minimum, a plaintiff asserting a claim under § 1983 must show that a defendant-official implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *See, e.g., Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 646–48 (6th Cir. 2012); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Bohanon makes no such allegation in the complaint. Absent evidence of personal involvement in the alleged Incident, Vantell and Huggins cannot be

liable based on their failure to train or supervise. CoreCivic cannot be liable for the actions or inactions of Vantell and Huggins solely on the basis that the Individual Defendants are supervisory officials at the HCCF. For CoreCivic to be liable for supervisory employees' conduct, Bohanon must show that the supervisor encouraged the specific incident of misconduct or had some direct, personal involvement in the alleged constitutional deprivation. *See, e.g., Knott v. Sullivan*, 481 F.3d 561, 574 (6th Cir. 2005); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). As explained *supra*, Bohanon's allegations fail to demonstrate that encouragement and involvement. For these reasons, Bohanon's claim against the Individual Defendants and CoreCivic for failure to train and supervise is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### (2)    Negligence

Bohanon seeks damages from the Defendants because "they were the proximate cause of [Bohanon's] injuries." (ECF No. 1 at PageID 5.) The plausible inference is that Bohanon seeks to bring a claim of negligence against all Defendants. *See*, *e.g.*, *Weaver v. Cox Transp. Serv., Inc.*, No. 2:23-cv-02596, 2025 WL 368569, at *2 (W.D. Tenn. Jan. 29, 2025) ("To recover on a theory of negligence per se in Tennessee, a plaintiff must show that (1) the defendant violated a law that imposes a duty or prohibits some conduct for the benefit of the public; (2) the plaintiff was within the class of persons intended to benefit or be protected by the law; and (3) the defendant's negligence was the *proximate cause* of the plaintiff's injury") (internal citations omitted) (emphasis added); *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2024 WL 4993391, at *24 (M.D. Tenn. Dec. 5, 2024) (internal citations omitted) (same). Negligent conduct is not actionable under § 1983 because negligence does not rise to the level of a constitutional deprivation. *See Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 348-49 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest") (internal citation omitted). Bohanon's

claim of negligence (ECF No. 1 at PageID 5) does not allege deprivation of a constitutional right. For these reasons, Bohanon's claim against all Defendants for negligence is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## V.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the claims dismissed without prejudice, under the conditions set forth below.

## VI.    CONCLUSION

For the reasons set forth above:

A.    To the extent Bohanon alleges (ECF No. 1) (1) claims against the HCCF and (2) claims against all Defendants for negligence (collectively, the "Claims Dismissed With Prejudice"), all of those claims are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend the Claims Dismissed With Prejudice is DENIED.

B.    The claims in the complaint against (1) the Individual Defendants and CoreCivic for failure to protect and (2) the Individual Defendants and CoreCivic for failure to train and supervise (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C.    Leave to amend the Claims Dismissed Without Prejudice is GRANTED.  An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Bohanon's claims.  An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings.  Bohanon must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the initial complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.  If Bohanon decides to amend his claims, he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[2]  If

---

[2]    *See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (last accessed Apr. 21, 2025).

Bohanon fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment.  The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

      IT IS SO ORDERED, this  *22nd*  day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE